[No. 3549.]

ARCHIE McFARLAND *v.* THE STATE.

PRACTICE — PLEA.— This court, in a large number of cases, has heretofore held that, under the law as it is now, it is indispensable to the validity of a criminal conviction that the accused either pleaded to the indictment or that the court entered the plea of not guilty for him; and that, unless the record on appeal discloses affirmatively that one or the other of these proceedings was had, this court is without authority except to reverse and remand the case. The Legislature having failed to modify this extreme rule, this court has no option in the matter.

APPEAL from the County Court of Bell. Tried below before the Hon. W. M. Minyard, County Judge.

This is the companion case to that of *McRay* v. *The State*, which will subsequently appear in this volume. The convictions were based upon precisely the same testimony, being for the wilful and

wanton killing of a mare and a mule, the property of J. C. Ful-
wiler.   A fine of $50 was the penalty imposed in this case.

*W. K. Saunders,* for the appellant.

*J. H. Burts,* Assistant Attorney-General, for the State.

White, Presiding Judge.   Appellant and one McRay were jointly
charged by information with malicious mischief in wantonly shoot-
ing and killing a mare and a mule.   The record fails to show that
appellant, who was alone put upon trial, ever pleaded to said charge
or that a plea of not guilty was entered for him.   Without the plea
there was no issue to try.   (*See authorities everywhere.*)

This court suggested to the last, the nineteenth, Legislature the
adoption of amendments to the Code of Procedure which would
save reversals in a great majority of such cases (see Att'y Gen'l's
Report, 1885, pp. 20 and 21), but that body, doubtless in the inter-
est of the public welfare, concluded it were better to let the law
remain as it was.   We have no option in the matter.

The judgment is reversed and cause remanded.

*Reversed and remanded.*

[Opinion delivered May 29, 1885.]